945 F.2d 406
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eva Patrick VERNER, Petitioner-Appellant,
v.
Margaret HAMBRICK, Warden, F.C.I., Lexington, Kentucky,
Respondent-Appellee.
 No. 91-5511.
 United States Court of Appeals, Sixth Circuit.
 Oct. 1, 1991.
 
 1
 Before MILBURN and SUHRHEINRICH, Circuit Judges, and JORDAN, District Judge.*
 
 ORDER
 
 2
 Eva Patrick Verner, a pro se federal prisoner, appeals the district court's order dismissing her petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 3
 Verner pled guilty, pursuant to a plea agreement, in the United States District Court for the Central District of California to a multi-count information charging her with mail fraud in violation of 18 U.S.C. § 1341 and wire fraud in violation of 18 U.S.C. § 1343. At the time of her guilty plea, Verner was incarcerated in the Metropolitan Detention Center in Los Angeles, California. In February 1990, Verner received two concurrent thirty-month sentences. These sentences also included a recommendation by the sentencing judge that Verner be incarcerated as near to the state of Georgia as possible. Subsequently, at Verner's request, the sentencing judge modified his recommendation to state that Verner be incarcerated as near as possible to the Central District of California. Thereafter, however, Verner was transferred by the Bureau of Prisons from Los Angeles to the Federal Correctional Institution in Lexington, Kentucky.
 
 
 4
 Verner filed her habeas petition challenging her transfer from Los Angeles to F.C.I., Lexington. She asserts: (1) that the transfer violated her first amendment right of access to the courts and her sixth amendment right to counsel; (2) that the transfer denied her due process because it was in violation of the rules and regulations of the Bureau of Prisons; (3) that conditions at F.C.I. Lexington, particularly her prison work schedule, interfered with her right of access to the courts, because she had only a few days per week to work on her briefs in her appeal of her conviction; (4) that her legal documents were lost during her transfer; (5) that she did not receive proper medical care during her transfer; (6) that during her transfer she was required to disrobe in front of men; and (7) that the current state of her health did not allow her to work on her appeal. Subsequently, Verner filed an addendum to her habeas petition asserting: (1) that the Bureau of Prisons has denied her credit towards her sentence for time served in the Metropolitan Detention Center beginning September 18, 1989; (2) that her sentence is based on incorrect information contained in the presentence report; and (3) that the sentencing court erroneously denied her a two level downward adjustment in her total offense level for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1.
 
 
 5
 After a review of the magistrate's report and recommendation, in light of Verner's objections, the district court adopted the magistrate's proposed findings of fact and recommendation and dismissed the petition. The district court found: (1) that Verner's claims regarding the denial of her right of access to the courts were moot because she had filed her brief on appeal with the Ninth Circuit and her appeal was proceeding; (2) that Verner's claim that her transfer to F.C.I. Lexington was improper was meritless; (3) that Verner's claims concerning the imposition of her sentence by the United States District Court for the Central District of California were not properly reviewable in a § 2241 habeas petition, but rather should be set forth in a § 2255 motion to vacate sentence addressed to the District Court for the Central District of California; and (4) that Verner's claims concerning the conditions of her confinement were also not properly reviewable in a § 2241 habeas petition. Verner has filed a timely appeal. In addition she has requested the appointment of counsel in her brief on appeal.
 
 
 6
 Upon review, we conclude that the district court properly dismissed Verner's action for the reasons stated by the magistrate judge in his proposed findings of fact and recommendation filed March 4, 1991, as adopted by the district court in its order filed April 5, 1991.
 
 
 7
 Accordingly, the request for counsel is hereby denied and the district court's judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.